

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| | : | |
| | : | CIVIL NO. 1:CV-00-1763 |
| v. | : | (Rambo, J.) |
| | : | (Smyser, M.J.) |
| 66.84 ACRES OF LAND, MORE OR LESS, SITUATE IN SOUTH NEWTON AND SOUTHAMPTON TOWNSHIPS, CUMBERLAND COUNTY, COMMONWEALTH OF PENNSYLVANIA, | : | Tract 372-01 |
| and | : | |
| TUMBLING RUN GAME PRESERVE, | : | |
| and | : | |
| UNKNOWN OWNERS | : | |
| Defendants | : | |

**PLAINTIFF UNITED STATES' REPLY BRIEF IN SUPPORT OF
ITS MOTION IN LIMINE**

I.  **INTRODUCTION**

Following a stay to permit the parties to pursue settlement with a judicial officer, this matter was set for trial in August 2002. On June 3, 2002, the United States filed a motion <u>in limine</u>, together with a supporting brief, to exclude all testimony unrelated to the question of just compensation. Tumbling Run Game Preserve (TRGP) filed its brief in opposition on or about June 11, 2002. The United States now files this reply brief in support of that motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The United States relies on the factual and procedural history set forth in its main brief in support of this motion.

## III. ARGUMENT

In its opposition brief, TRGP concedes that "issues directly addressed by the Magistrate are precluded from being tried." (Br. p. 3). TRGP defines these issues as:

> NPS should have selected a trail routing less intrusive upon TRGP's interests.
> NPS should have given more reasons for its route selection.
> NPS should have negotiated further with TRGP about these issues and concerns.
> NPS should not have resorted to condemnation here because agency guidelines provide for a resort to condemnation as a last resort measure.
> Id.

TRGP now suggests that there are two issues remaining for trial, unresolved by the motion to strike, and apart from the issue of just compensation. First, it contends that the Court must determine whether the NPS gave "full consideration" to minimizing the adverse effects upon TRGP. Second, TRGP contends that the land exceeds that which is "reasonably necessary to provide passage." TRGP is wrong. All of its affirmative defenses, including these, have been stricken and there are no triable issues apart from that of just compensation.

    A. The Court Struck All Affirmative Defenses.

The issues which TRGP contends remain for trial were in fact

2

raised as affirmative defenses and were stricken by the Court as insufficient. In its amended answer, TRGP asserted lengthy affirmative defenses, including the allegation that the National Park Service failed to "[g]ive <u>full consideration to minimizing the adverse effects of its selection of land upon TRGP</u>." (emphasis added)(Amended Ans., Para. 25(a)). TRGP also alleged as an affirmative defense that "Plaintiff's claim is barred because plaintiff's agency, NPS, exceeded its statutory authority by failing to comply with the statutory and regulatory prerequisites. . . and abused its statutory authority by acting in a arbitrary and capricious manner and in bad faith, by failing to . . . exercise its judgment at all or in bad faith <u>as to such title as is reasonably necessary to provide passage across TRGP land.</u>" (emphasis added)(Amended Ans., Para. 9). Thus, both of issues which TRGP contends remain viable at trial, in fact were raised as affirmative defenses and both were stricken by the Court in its order of June 14, 2001.

Morever, to the extent that TRGP's brief can be read to suggest that this taking exceeds a "statutory limit" ("condemnation proceedings may not be utilized to acquire fee title or lesser interests to more than an average of one hundred and twenty-five acres per mile. . ." 16 U.S.C. § 1246(g)), that argument is also unavailable. TRGP has never contended, and moreover has never pleaded, that the taking in this case exceeded

3

the guidelines in the statute.[1]  (See also, Pl.'s reply brief in support of its motion to strike, p. 5: "TRGP does not allege that the taking is invalid based on the Secretary exceeding this limit on his authority."  This statement is unrebutted.)

TRGP has adopted a very narrow reading of this Court's order of June 14, 2001 and the underlying Report and Recommendation of May 18, 2001.  The Report and Recommendation clearly states, in relevant part: "The affirmative defenses raised by the defendant are insufficient defenses as a matter of law."  Rept., p 4.  The Magistrate Judge recommended that the plaintiff's motion to strike affirmative defenses and to dismiss the counterclaim be dismissed as a matter of law, and this Court adopted that recommendation. TRGP cannot reopen those issues now.

B.  Prerequisites to a Taking

There are but three limits on the Secretary's authority to institute condemnation proceedings for the Trail.  Throughout this litigation, TRGP has attempted to increase the Secretary's obligations prior to instituting condemnation proceedings, and it does so again in the context of this motion *in limine*.

"The first restriction created by § 1246(g) is that the

---

[1] Rule 71A, Federal Rules of Civil Procedure governs these proceedings.  The Rule provides, in pertinent part, that "if a defendant has any objection or defense to the taking. . . the defendant shall serve an answer within twenty days. . .. The answer shall . . . state all the defendant's objections and defenses to the taking.  A defendant waives all defenses not so presented.. . ."  Fed. R. Civ. Pro. 71A(e)

4

Secretary must enter into land acquisition negotiations before exercising his eminent domain powers." 16.03 Acres, 26 F.3d at 357. Section 1246(g) authorizes the Secretary to utilize condemnation proceedings to acquire private land "only in cases where, *in his judgment*, all reasonable efforts to acquire such lands or interests therein by negotiation have failed . . . ." (emphasis added). "The second restriction in § 1246(g) limits the amount of title the Secretary may acquire through condemnation." 16.03 Acres, 26 F.3d at 357. When bringing condemnation proceedings, the Secretary "shall acquire only such title as, in his judgment, is reasonably necessary to provide passage across such lands . . . ." 16 U.S.C. § 1246(g). In order to conclude that the Secretary acted beyond the scope of his authority, the Court is required to find that he either: (1) "failed to make any determination as to the amount of title that is necessary to provide passage" or (2) "made a determination in such bad faith that he effectively failed to satisfy the determination requirement before condemning the property." 16.03 Acres, 26 F.3d at 357 (internal quotations omitted).

"The third restriction contained in § 1246(g) limits the amount of land that the Secretary may condemn to an average of [125] acres per mile." 16.03 Acres, 26 F.3d at 357 (alteration in original). Until it filed its brief in opposition to the instant motion, TRGP never alleged that the taking is invalid

based on the Secretary exceeding this limitation on his authority.

As the United States argued in its motion to strike, the Secretary is not legally required to consider the adverse effects of his decision to condemn such land reasonably necessary to administer and protect the Trail on the landowner. See 16.03 Acres, 26 F.3d at 359. Nor is the Secretary statutorily required to obtain the "advice and assistance" of other governing bodies, or the landowner, regarding its determination of the proper location of the Trail. The decision regarding the amount of land to be acquired is committed to the Secretary's discretion alone. See e.g. 16.03 Acres, 26 F.3d at 359 ("The plain language of § 1246(g) . . . places the determination of the amount of property that is 'reasonably necessary' in the province of the Secretary alone. Relying on what a landowner perceives to be 'reasonably necessary' improperly deflects the statute's focus away from the Secretary and onto the landowner."); See also United States v. 13.10 Acres of Land, 737 F. Supp. 212, 219 (S.D.N.Y. 1990).

The contention that the Secretary failed to make a reasoned determination as to the title that is reasonably necessary to provide passage was also thoroughly addressed in the motion to strike. (See, e.g., Pl.'s reply brief at 10-12). The fact that TRGP disagrees with the Secretary's selected location of the Trail does not demonstrate that he has exercised his decision as

6

to the title necessary to provide passage improperly or in bad faith.

TRGP is attempting to raise by the back door what it admits it cannot do by the front door. Its sole purpose in contesting this motion is to get before the Court issues that are not available as defenses. The last page of TRGP's opposition brief is telling. "It is inconceivable that every bit of the 66.84 acres demanded by NPS is required for the Trail that never required nearly so much acreage before." TRGP seeks to substitute its judgment for the discretion vested in the agency. This it cannot do.

C.  Just Compensation Is The Only Issue Triable to a Jury

Even if the Court were to find that TRGP had properly raised these defenses and that they had somehow survived the motion to strike, the sole issue that may be tried to a jury is that of just compensation. All other issues are tried to the Court. Fed. R. Civ. Pro. 71A(h); <u>United States v. 186.82 Acres of Land</u>, 207 F. Supp 395, 396 (W.D. PA. 1962). The United States believes that the issues now raised by TRGP were resolved in their entirety by the motion to strike. In the event that the Court rules otherwise, the United States would argue that these are questions of law which are most appropriately resolved by summary judgment and would request the opportunity to file such a motion.

7

## IV. CONCLUSION

All of the possible challenges to the taking have been addresses in the previously resolved motion. The only issue remaining is that of just compensation. Based upon the foregoing, the United States respectfully requests that the Court grant the motion in limine and preclude the defendant from introducing any evidence on any issue raised other than that of just compensation.

    Respectfully submitted,

    THOMAS A. MARINO
    UNITED STATES ATTORNEY

    */s/ Anne K. Fiorenza*
    ANNE K. FIORENZA
    Assistant U.S. Attorney
    228 Walnut Street
    Harrisburg, PA 17108
Dated: July 17, 2002    (717) 221-4482

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
                Plaintiff :
                              : CIVIL NO. 1:CV-00-1763
v.                          : (Rambo, J.)
                              : (Smyser, M.J.)
66.84 ACRES OF LAND, MORE OR :
LESS, SITUATE IN SOUTH NEWTON :
AND SOUTHAMPTON TOWNSHIPS, :
CUMBERLAND COUNTY, :
COMMONWEALTH :
OF PENNSYLVANIA, : Tract 372-01
           and :
                    :
TUMBLING RUN GAME PRESERVE, :
           and :
                    :
UNKNOWN OWNERS :
                    :
              Defendants:

## CERTIFICATE OF SERVICE BY MAIL

       The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

       That on July 17, 2002, she served the attached

**PLAINTIFF UNITED STATES' REPLY BRIEF IN SUPPORT OF ITS MOTION IN LIMINE**
by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

    Larry Keating
    Growth Capital Resources, LLC
    80 Abbeyville Road
    Lancaster, PA 17603

                                            CHYENNA GOWDY
                                            Legal Assistant